UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

 -v-

FRANK MERCEDES,

                    Defendant.

No. 10-cr-74-2 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      The Court is in receipt of Defendant Frank Mercedes's application for *pro bono* counsel in connection with a habeas petition that he intends to file (the "Application"). (Doc. No. 283.) For the reasons set forth below, the Application is denied without prejudice to renewal.

      To begin, there is no constitutional right to representation by counsel in civil or *habeas corpus* proceedings. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court, however, has the discretion to request counsel to represent a petitioner seeking relief under § 2255 when that person is "financially unable to obtain adequate representation" and "the interests of justice so require." 18 U.S.C. §§ 3006A(a) and (a)(2)(B). In determining whether to appoint counsel for *habeas* petitioners, the Court considers the standards set forth by the Second Circuit for appointment of counsel to indigent civil litigants pursuant to 28 U.S.C. § 1915.

      First, the Court considers whether a party can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that a party cannot afford counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986);

*see Cary v. Ricks*, No. 00 Civ. 8926 (RWS), 2001 WL 314654, at *4 (S.D.N.Y. Mar. 30, 2001) (applying *Hodge* factors to *habeas* petitioner's request for counsel). "In order to make such a determination, the Court must decide whether, from the face of the pleadings, the claims asserted by the plaintiff may have merit, or the plaintiff appears to have some chance of success." *West v. Brickman*, No. 07 Civ. 7260 (PKC) (DF), 2008 WL 3303773, at *1 (S.D.N.Y. Aug. 6, 2008) (citations and internal quotation marks omitted). Although trial courts are to undertake "the preliminary assessment of likely merit . . . somewhat more generously since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel," the Second Circuit has nevertheless "cautioned that this requirement 'must be taken seriously.'" *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172, 174 (2d Cir. 1989). When assessing the merits, we must be mindful that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 172.

Following the threshold merits inquiry, the Court then considers several additional factors set forth by the Second Circuit in *Hodge*, including:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d at 61–62; *see Cooper*, 877 F.2d at 172. The Court should also be mindful of the Second Circuit's instruction that "[v]olunteer lawyer time is a precious commodity" and that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper*, 877 F.2d at 172.

In 2017, Judge Castel, overseeing Defendant's case at that time, ruled that Defendant met the financial requirements to be eligible for appointed counsel. (Doc. No. 158.) Based on that finding, and the fact that Defendant is currently incarcerated, the Court finds that Defendant has made a satisfactory showing of financial hardship. Nevertheless, at this early stage, the Court does not have before it a sufficient factual basis from which to determine whether Defendant's claims will likely have merit. First, Defendant's Application provides fewer than ten sentences to explain why he requires a lawyer to assist him in filing his *habeas* petition. Second, although Defendant's counsel on his direct appeal filed a letter motion advising the Court that Defendant would file the Application, that letter also provides insufficient information for the Court to examine the merits of the claims that Defendant intends to bring or to otherwise analyze the *Hodge* factors. (*See* Doc. 282.) Third, the Court is unable to identify from the Second Circuit's decision on Defendant's direct appeal any inherent complexities in the case that would justify appointment of counsel at this stage, particularly compared to other civil cases in which parties cannot afford counsel.

Accordingly, Defendant's Application is HEREBY DENIED without prejudice to renewal at a later time if additional grounds for an application are presented to the Court. Any renewed application should utilize the same standard-form application used here, to which Defendant should append an affidavit establishing facts supporting the *Hodge* factors set forth above. The Clerk of Court is respectfully directed to terminate the motion pending at document number 282.

SO ORDERED.

Dated:   May 12, 2020
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation